John R. MOORE, Plaintiff-Appellee,

v.

James E. JOHNSON, Defendant-Third-Party Plaintiff-Appellant,

v.

Mrs. Dorothea S. ALLSUP, Executrix of the Estate of J. A. Shaul, Deceased, et al., Third-Party Defendants-Appellees.

No. 76–2465.

United States Court of Appeals, Fifth Circuit.

March 6, 1978.

Richard L. Forman, Jackson, Miss., for James E. Johnson.

J. Rex Shannon, Meridian, Miss., A. M. Edwards, West Point, Miss., for J. R. Moore.

Thomas D. Bourdeaux, Meridian, Miss., for D. S. Allsup.

Before GOLDBERG, AINSWORTH and FAY, Circuit Judges.

FAY, Circuit Judge:

This case was brought by a real estate broker in an effort to obtain his commission from a seller of some acreage in Mississippi. A number of third party defendants were impleaded, and a multitude of counterclaims and cross-claims were filed. The appellant in this lawsuit, James E. Johnson, was the seller of the land. On appeal, he challenges the propriety of the district court's granting of a directed verdict in favor of the plaintiff, James Moore, for his real estate commission, and the district court's granting of a directed verdict against him on his civil conspiracy claim against Moore and one J. A. Shaul (a broker who represented the eventual buyer of the property). Mr. Johnson also challenges the trial court's decision to submit to the jury the claims of the two brokers that he and the buyer of the property had conspired together to defraud the brokers of their respective real estate commissions.

The trial court, by granting a directed verdict in favor of the broker James Moore, determined as a matter of law that there was no evidence of such quality and weight that fair-minded jurors in the exercise of impartial judgment might reach a different conclusion. *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969). Nothing in our careful review of the record before us indicates any error in this determination by the trial court. In this particular "broker-dealer" situation, the dealer does not deny that he had entered into an exclusive listing with the broker, or that a deal was eventually consummated with a buyer found by the broker on the terms desired by the dealer. Rather, the dealer contends that certain acts by the broker constituted a breach of the fiduciary duty owed by a broker to a dealer, and, consequently, the dealer was freed from any obligation to pay a commission. Unfortunately for the dealer, Mr. Johnson, he was unable to present any credible evidence to substantiate this theory. He argues on appeal that a number of inferences favorable to his position could have been drawn by a jury from the evidence which was presented, and, as a result, it was improper to direct a verdict. Mr. Johnson, however, overlooks the fact that the mere presence of some conflicting evidence does not mean that it becomes inappropriate to direct a verdict. This court said in *Boeing,* that a "mere scintilla of evidence is insufficient to present a question for the jury. . . . There must be a conflict in *substantial* evidence to create a jury question." 411 F.2d at 374, 375. We agree with the determination of the district court, and feel that Mr. Johnson failed to present to the court sufficient evidence to warrant sending these issues to the jury.

The only other issue raised by the appellant is whether the trial court erred in failing to grant a directed verdict in his

favor on the conspiracy claims of the brokers against Mr. Johnson.[1] Once again Mr. Johnson comes up short in his argument since there is no doubt that substantial evidence was presented at trial by the two brokers in support of their conspiracy claim. Thus, the trial court was correct in sending these issues to the jury.[2]

The judgment of the district court is affirmed.

1. On the conspiracy claims, the jury returned a verdict in favor of Mr. Moore against Mr. Johnson for $12,000 actual damages and $30,000 punitive damages. The jury also returned a verdict in favor of the estate of Mr. Shaul in the amount of $12,000 actual damages and $20,000 punitive damages.

2. Mr. Johnson also attacks the verdicts on the conspiracy claims by raising several legal defenses (i. e. that a party cannot conspire to breach his own contract). We feel all these defenses are without merit, but we also wish to point out that Mr. Johnson at no time objected to the instructions given to the jury, and, absent a finding of plain error, it would be inappropriate for us to consider these points initially on appeal.